

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2008

# Blue Ridge Erectors v. OSHRC

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2475

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Blue Ridge Erectors v. OSHRC" (2008). *2008 Decisions.* Paper 1728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2475
_____

BLUE RIDGE ERECTORS,

Petitioner

v.

OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION,

Respondent
_____

On Petition for Review of a Decision and Order
of the Occupational Safety and Health Review Commission
(OSHRC No. 04-1793)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed:   January 17, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner Blue Ridge Erectors (Blue Ridge) seeks review of the Occupational

Safety and Health Review Commission's (OSHRC's) decision not to direct discretionary

review of the Administrative Law Judge's (ALJ's) affirmance of several citations for violations of the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. §§ 651–678. In particular, Blue Ridge challenges the citation issued pursuant to a steel erection standard, 29 C.F.R. § 1926.760(a)(1), promulgated under the OSH Act. For the reasons that follow, we will deny the petition for review.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On the morning of March 24, 2004, Blue Ridge was performing work on a gymnasium at West Orange High School in West Orange, New Jersey. There were six men on Blue Ridge's crew, two of whom were foremen. Robert Zawistowski was the lead foreman, and Brian Woodall was the decking foreman.

Occupational Safety and Health Administration (OSHA) Compliance Officer Patrick Nies began an inspection of the worksite after observing the Blue Ridge crew installing steel decking on the roof of the partially constructed gymnasium. Prior to entering the site, Nies observed and videotaped: (1) Woodall and crew member Tommy McTague laying steel decking on the roof at 33 feet without wearing personal fall protection; (2) McTague climbing a column and walking across open steel framing to access the roof decking area at 30 to 33 feet without wearing personal fall protection; and

2

(3) crew member Daniel Doolittle sitting on a steel beam and welding the structural roof framing at 30 feet without wearing personal fall protection.

These observations prompted Nies to inspect the site and to interview Zawistowski and Woodall, and each foreman then completed and signed a written questionnaire summarizing his respective interview.

After the inspection, OSHA, as delegated by the Secretary of Labor, issued three citations, which Blue Ridge contested. Following a five-day hearing in August and September 2005, the ALJ affirmed, inter alia, Citation 2 Item 1 alleging a willful violation of 29 C.F.R. § 1926.760(a)(1), and assessed a $56,000 penalty. The OSHRC chose not to direct review, and the ALJ's decision became the final order of the OSHRC by operation of 29 U.S.C. § 661(j) on March 1, 2006.[1] This timely petition for review followed, and only Citation 2 Item 1 is at issue.[2]

## II.

We have jurisdiction over the final orders of the OSHRC. 29 U.S.C. § 660(a). The OSH Act requires that "findings of the [OSHRC] with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, . . . be

---

[1]The remainder of this opinion will therefore refer to the OSHRC instead of the ALJ when appropriate.

[2]In particular, nothing in this opinion affects the Secretary of Labor's unilateral withdrawal of Citation 1 Item 2 after Blue Ridge filed the instant petition. That withdrawal makes it unnecessary for us to formally vacate the OSHRC's affirmance of that item.

3

conclusive." *Id.*; *see also Bianchi Trison Corp. v. Chao*, 409 F.3d 196, 204 (3d Cir.

2005). Under the substantial evidence standard, we must uphold the OSHRC's findings

of fact as long as there is enough evidence in the record for a reasonable mind to agree

with the OSHRC. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951).

Further, "the ALJ's credibility determinations should not be reversed unless inherently

incredible or patently unreasonable." *St. George Warehouse, Inc. v. NLRB*, 420 F.3d 294,

298 (3d Cir. 2005) (internal brackets and citation omitted).

The steel erection standard at issue in this case requires Blue Ridge to protect its

employees working above 15 feet from falls. *See* 29 C.F.R. § 1926.760(a)(1). OSHA

regulations "should be liberally construed so as to afford the broadest possible protection

to workers." *E & R Erectors, Inc. v. Sec'y of Labor*, 107 F.3d 157, 160 (3d Cir. 1997).

Blue Ridge raises three issues in its petition: first, whether the OSHRC's finding

that Blue Ridge failed to provide fall protection equipment is supported by substantial

evidence; second, whether the OSHRC's finding that Blue Ridge could have foreseen and

prevented the violative conduct is supported by substantial evidence; and third, whether

the OSHRC's finding of willfulness is supported by substantial evidence. We answer

each of these questions in the affirmative.

First, we assume without deciding that because the citation at issue specifically

uses the word "provide" rather than "protect" in its allegations, OSHA was obligated to

establish that Blue Ridge failed to provide fall protection to its crew members, which is

4

arguably more difficult to establish than the more general allegation that Blue Ridge

failed to protect its crew. *See Babcock & Wilcox Co. v. OSHRC*, 622 F.2d 1160, 1164 (3d

Cir. 1980).[3] Nevertheless, even proceeding under that assumption, we believe that there

was substantial evidence to support the OSHRC's conclusion that Blue Ridge failed to

provide fall protection to its crew on March 24, 2004.

During the hearing before the ALJ, for example, the following exchange transpired

between the OSHA attorney and Woodall:

> "Q: So that at the time Mr. Nies arrived on the construction site, you did
> not have any harnesses and lanyard on the site, correct? Because the
> truck had gone.
> A: Yes.
> Q: So that answer is true?
> A: Yes, I did not have any."

Indeed, the truck carrying the harnesses and lanyards normally available for Woodall's

crew, to which the OSHA attorney alluded in the quoted exchange above, had already

departed for another site. Blue Ridge's president also testified, as confirmed by Nies'

videotape, that although other types of fall protection, i.e., safety nets and guard rails,

were at the site, they were not yet erected. Blue Ridge's defense focuses largely on the

crew's choice not to request or seek out the one or two harnesses apparently still left at

the site. Besides Woodall's own admission that these harnesses were "not for his crew,"

---

[3]This assumption obviates the need to consider Blue Ridge's due process argument
that OSHA was not permitted to penalize Blue Ridge for any violations beyond the
specific language of the citation, as well as the argument that OSHA has waived its ability
to amend the citation.

however, Blue Ridge cites no law for the proposition that the employer's duty to "provide" fall protection in this context is satisfied by merely leaving a couple of harnesses lying around to be "requested" or "sought out" by the workers themselves. Without deciding the issue, we believe that such an interpretation undermines our pronouncement in *E & R Erectors* that OSHA regulations should be broadly construed in favor of worker protection. Under our deferential standard of review, then, the record evidence as a whole amply supports the OSHRC's conclusion that Blue Ridge did not provide fall protection to its crew at West Orange High School on March 24, 2004.

Second, there was substantial evidence to support the OSHRC's conclusion that OSHA met its burden of showing that the violative conduct was reasonably foreseeable and therefore preventable by Blue Ridge's on-site supervisors. *See Pa. Power & Light Co. v. OSHRC*, 737 F.2d 350, 357-58 (3d Cir. 1984). According to the questionnaire that Zawistowski filled out, he knew of the 15-foot requirement for using fall protection when installing steel decking. According to the similar questionnaire that Woodall filled out, he also knew of the requirement. Despite this knowledge, Zawistowski and Woodall neither prevented their crew from the violative conduct ex ante nor stopped them ex post even after seeing them working on the roof deck without fall protection. Therefore, a reasonable mind could agree with the OSHRC that both foremen supervising the West Orange High School worksite on March 24, 2004, could have foreseen and prevented their crew members from erecting steel on the roof without wearing fall protection.

6

Third, substantial evidence supports the OSHRC's determination that Blue Ridge's violation in Citation 2 Item 1 was willful. A willful violation of the OSH Act "constitutes an act done voluntarily with either an intentional disregard of, or plain indifference to, the OSH Act's requirements." *Bianchi Trison*, 409 F.3d at 208 (internal brackets, quotation marks, and citations omitted). Whether a violation is willful is a question of fact. *Id.* The ALJ made no fewer than four findings to support the willful classification. First, employees at the job site were not wearing fall protection, and such protection was not available to them there.

Second, Zawistowski and Woodall were aware that the fall protection was not available, yet did nothing to remedy the situation. Blue Ridge responds that Woodall inadvertently miscalculated the height of the roof when he performed the work without wearing fall protection. This testimony, however, was found by the ALJ to be not credible because of Woodall's "supervisory status at the site and . . . his experience and training." This finding is not "inherently incredible or patently unreasonable." *St. George Warehouse*, 420 F.3d at 298. Even if Woodall's testimony were found to be credible, the citation was also based upon the conduct of other Blue Ridge employees, and the ALJ considered a statement by Zawistowski that he knew the employees should have been wearing the fall protection equipment but were not.

Third, Zawistowski and Woodall were aware of the pertinent steel erection fall protection requirements as revealed in their completed questionnaires. Fourth, Blue

7

Ridge had been cited by OSHA on five prior occasions between 1996 and 2001 for failing to comply with 29 C.F.R. § 1926.105(a), the steel erection standard applicable before 2001, so it was not unreasonable for the OSHRC to conclude that Blue Ridge demonstrated its plain indifference to the subsequently promulgated standard by failing to comply with it. *See Dakota Underground Inc. v. Sec'y of Labor*, 200 F.3d 564, 567 (8th Cir. 2000). In sum, the determination of whether Blue Ridge acted willfully by intentionally disregarding the requirements of 29 C.F.R. § 1926.760(a)(1) is a question of fact, and the OSHRC's resolution thereof in the instant case is supported by substantial record evidence.

## III.

For the foregoing reasons, we will deny the petition for review.